**NOT FOR PUBLICATION**

MAR 02 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERI, | No. 09-70057 |
| Petitioner, | Agency No. A079-517-778 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011**

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Meri, a native and citizen of Indonesia, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying her motion to reopen and reconsider.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen or reconsider, *Mohammed v. Gonzales*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005), and we deny in part, and dismiss in part, the petition for review.

The BIA did not abuse its discretion in denying Meri's August 11, 2008, motion as untimely and number barred because it was filed more than four years after the BIA's January 20, 2004, decision, and because Meri had already filed one previous motion to reopen and reconsider. *See* 8 C.F.R. § 1003.2(b)(2), (c)(2). Meri did not provide any evidence of changed circumstances in Indonesia that might have excused the untimely filing of a motion to reopen under 8 C.F.R. § 1003.2(c)(3)(ii). *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."); *see also Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004) (changes in United States asylum law do not constitute changed circumstances).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). If we had jurisdiction to review the BIA's decision, we would find no abuse of discretion.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**